UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
      :
ALFONSO CARLOS LUELMO MONTERO  :
DEALBA,                                        :     **ORDER DISMISSING CASE**
      :
                                    Plaintiff,     :     18 Civ. 7124 (AKH)
    v.      :
      :
BLOOMINGDALE'S INC., et al.,         :
      :
                                  Defendants.     :
      :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Certain defendants moved to dismiss for lack of prosecution after the plaintiff failed to take any steps to pursue his case since it was filed in 2018. Because the plaintiff has not demonstrated any intention to prosecute his claims, the motion to dismiss is granted, and the case is dismissed.

## BACKGROUND

        Plaintiff Alfonso Carlos Luelmo Montero Dealba brought this case on August 7, 2018, in connection with an incident that began at a Bloomingdale's Department Store. *See* Compl., ECF No. 1. Plaintiff claims that the store's security guards tackled him based on a false accusation that he had stolen a shirt. A store detective, Ginette Ruiz, delivered Plaintiff to a New York Police Department ("NYPD") precinct. Dealba further alleges that, when there was no basis to charge him for his actions at the store, NYPD Officer Jose Rodriguez helped Ruiz "save face" by manufacturing a charge of possession of burglar's tools, in violation of N.Y. Penal Law § 140.35, based on Dealba's possession of miniature jeweler's tools.

        Dealba brought claims against Rodriguez and unnamed officers, by way of 42 U.S.C. § 1983, for false arrest/imprisonment, malicious prosecution, denial of the constitutional

right to a fair trial, conspiracy to violate civil rights, and failure to intercede. He also brought a claim against the City of New York, alleging its policies, practice, and customs violate constitutional rights. Finally, Dealba brought claims against Bloomingdales, Inc. ("Bloomingdale's"), Ruiz, and unnamed Bloomingdale's personnel for assault and battery; negligent infliction of emotional distress; intentional infliction of emotional distress; defamation per se; false arrest/imprisonment; malicious prosecution; negligence; and negligent hiring, retention, and supervision.

On January 14, 2019, I granted Dealba's attorney's motion to withdraw as counsel. Order, ECF No. 25. In an affirmation accompanying the motion to withdraw, counsel indicated that Dealba was tending to his wife's health challenges and had stopped communicating with counsel about the case. Aff. in Support to Withdraw as Counsel and Stay Proceedings, ECF No. 24-1. In the order granting withdrawal, I stayed proceedings for 30 days to give Dealba time to retain new counsel. Since that order, no attorney has made an appearance on behalf of Dealba, and Dealba has not taken any steps to pursue his case *pro se*. Bloomingdale's and Ruiz (collectively, the "Bloomingdale's Defendants") now move to dismiss for lack of prosecution. They sent their motion, dated June 8, 2020, to Dealba via regular mail at his Spain and U.S. addresses and via email.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Involuntary dismissal for a plaintiff's failure to prosecute is a matter committed to the discretion of the trial court . . . ." *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995). In addressing motions under Rule 41(b), courts "assess the dismissal in light of the record as a whole," taking into account five factors:

2

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).

All factors weigh in favor of dismissal. First, Dealba has not taken any steps to pursue this action since it was filed over two years ago. Second, Dealba received notice of the Bloomingdale's Defendants' intent to file the instant motion and received the motion papers. He has not responded in the nearly three months that have elapsed since then. Third, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993). Courts have presumed prejudice from delays much shorter than the one at issue here. *See Dong v. United States*, No. 02 Civ. 7751(SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (presuming prejudice where plaintiff was unreachable for two months following removal of case to federal court). Fourth, where the plaintiff "has made no effort to prosecute this action, it would be unfair to the numerous other litigants who await the attention of this Court to permit [his] suit to remain on the docket." *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). Fifth, Dealba's failure to respond to prior correspondence, including papers indicating that the Bloomingdale's Defendants were seeking dismissal, suggest that no lesser sanction would be effective.

In summary, Dealba has not taken any substantive action in the case since it was filed two years ago, nor has he indicated that he plans to do so. Courts have dismissed in similar circumstances. *See, e.g.*, *Lukensow v. Harley Cars of N.Y.*, 124 F.R.D. 64 (S.D.N.Y. 1989) (granting motion to dismiss for lack of prosecution where case had not moved forward in two years since its filing, plaintiff stopped responding to his attorney, and plaintiff failed to take

3

action in months following attorney's withdrawal).  Accordingly, the Bloomingdale's Defendants' motion to dismiss is granted.

Furthermore, the case is dismissed as to the remaining defendants.  A court may dismiss an action for lack of prosecution *sua sponte*.  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41-42 (2d Cir. 1982); *see also Lukensow*, 124 F.R.D. at 65-67 (dismissing *sua sponte* remaining defendants after certain defendants were dismissed on motion for summary judgment and plaintiff had failed to prosecute as to remaining defendant).  Over a month ago, Defendants City of New York and Rodriguez (the "City Defendants") served Dealba with notice of their intent to file a motion to dismiss for lack of prosecution.  *See* Decl. of Service by Mail (July 17, 2020), ECF No. 34.  While the motion papers have not yet been filed, all arguments by the Bloomingdale's Defendants apply with equal force as to the City Defendants.  Dealba's silence in the time since he received the City Defendants' letter suggests that he does not intend to pursue the case further.

## CONCLUSION

Thus, the Bloomingdale's Defendants' motion to dismiss, ECF No. 32, is granted.  The case is dismissed for lack of prosecution as to all other defendants as well.  The Clerk shall mark the case closed.  Counsel for the Bloomingdale's Defendants is directed to serve a copy of this order on Dealba by regular mail and email.

SO ORDERED.

Dated:   August 28, 2020                                          /s/ Alvin K. Hellerstein
         New York, New York                                ALVIN K. HELLERSTEIN
                                                           United States District Judge